UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEANDREW WOODARD,

      No. 23-cv-11611

     Plaintiffs,

vs.

      HON. MARK A. GOLDSMITH

SHILLINGSFORD AND GILBERT,

     Defendants.

_____/

### OPINION AND ORDER
### (1) GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS
### (Dkt. 2) AND DISMISSING CASE

DeAndrew Woodard is incarcerated at the Lenawee County Jail.  He has filed this pro se action under 42 U.S.C. 1983 against two officers, Shillingsford and Gilbert.  See Compl. (Dkt. 1).[1]  Woodard also has filed an application for leave to proceed in forma pauperis (Dkt. 2).  For the reasons that follow, the Court grants Woodard leave to proceed in forma pauperis and dismisses the complaint.

### I.  APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

A prisoner seeking to proceed in forma pauperis must submit an affidavit of indigence and a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C. § 1915(a).  Woodard has filed an application for leave to proceed in forma pauperis, but he has not submitted a certified copy of his inmate trust fund account statement.  Woodard states that he has submitted multiple requests to the facility administration and "was informed that they do not print out copies of account statements for the inmates."  App. at PageID.24.  He states that he currently

---

[1] Woodard's complaint does not identify the Defendants' first names.

has no income, no valuable property or assets of any kind, and that he does not own bank accounts, stocks, securities, or bonds. Id. at PageID.23.

It appears that Woodard attempted to comply with the requirements to proceed in forma pauperis and has been unable to do so for reasons beyond his control. Under these specific circumstances, Woodard has made a good faith effort to obtain proper documentation. Accordingly, Woodard's application will be granted. Woodard is responsible for the full filing fee because he is incarcerated, but his in forma pauperis status allows him to proceed without prepayment. 28 U.S.C. § 1915(b)(1).

## II. BACKGROUND ON ALLEGATIONS IN COMPLAINT

Woodard's claims arise from an occurrence on June 6, 2023, during his confinement at the Lenawee County Jail. He states that at approximately 2:00 to 2:10 p.m., he was in the jail's "dayroom" when he utilized a speaker to communicate with Defendants Shillingsford and Gilbert, two officers stationed in the watch tower. Compl. at PageID.4. He asked for permission to go to his room to use the bathroom. Id. Gilbert refused the request. Id. Woodard repeated his request to use the bathroom, and Shillingsford denied the request, stating, "We don't just let people go into their room for that." Id. at PageID.4–5. Woodard informed Shillingsford that the toilet in the day room was in use and that he could not wait to use the bathroom. Id. at PageID.5. Shillingsford still refused Woodard's request. Id.

Woodard then began walking downstairs intending to use a different bathroom, but he urinated on himself before making it to the bathroom. Id. Woodard returned to the watch tower to inform Defendants that he had urinated before making it to the bathroom. Id. at PageID.5–6. He heard one of the Defendants "making weird mocking sounds while [Woodard] tried to speak with them." Id. at 6. After about 20 minutes, another officer (not a defendant) brought Woodard

2

clean clothes.  Id. at PageID.7.  Ultimately, Woodard remained in his urine-soaked clothing for "an hour or more" before he was able to shower and put on clean clothes.  Id. at PageID.9.

Woodard claims that this denial of a basic human need caused him mental and emotional injury.  He states that he has been abused and degraded by other inmates as a result of urinating on himself and has lost sleep.  Id. at PageID.14.  He seeks compensatory and monetary damages.

### III.  ANALYSIS

Woodard is proceeding without prepayment of the fees and costs in this action.  Under the Prison Litigation Reform Act of 1996, the Court must screen Woodard's complaint before service and must dismiss the complaint, or any portion of the complaint, if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).

A complaint "does not need detailed factual allegations," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).

Woodard claims he was subjected to inhumane conditions of confinement when Defendants denied him bathroom access causing him to urinate on himself.  He alleges this conduct violated his rights under the Fourteenth Amendment.

Woodard's status as a pretrial detainee or a convicted prisoner during the relevant time period determines the applicable standard.  The Eighth Amendment applies to claims by convicted prisoners, see Phelps v. Coy, 286 F.3d 295, 300 (6th Cir. 2002) (noting that "[t]he Eighth Amendment applies to convicted prisoners"), while the Fourteenth Amendment governs claims by pretrial detainees, see Winkler v. Madison Cnty., 893 F.3d 877, 890 (6th Cir. 2018) (the Fourteenth Amendment applies "where th[e] claim is asserted on behalf of a pre-trial detainee") (punctuation modified).

In his declaration in support of request for leave to proceed in forma pauperis, Woodard states that he is a "Michigan Department of Corrections prisoner being housed at Lenawee County Jail." App. at PageID.23.  This statement is consistent with information on the Michigan Department of Corrections Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice, see Ward v. Wolfenbarger, 323 F. Supp. 2d 818, 821, n.3 (E.D. Mich. 2004).  OTIS shows that Woodard was sentenced to 9 years, 6 months to 15 years imprisonment on May 17, 2019.[2]  Under these circumstances, Woodard is a convicted prisoner and "the more demanding Eighth Amendment standard is applicable."  Morgan by Morgan v. Wayne Cnty., 33 F.4th 320, 326 (6th Cir. 2022).

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" including "adequate food, clothing, shelter, and medical care" and protection from risks to safety.  A prisoner raising an Eighth Amendment claim for inhumane conditions of

---

[2]   See  https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=314249  (last accessed July 11, 2023).

confinement must meet objective and subjective requirements in order to establish a constitutional violation.  Farmer v. Brennan, 511 U.S. 825, 833 (1994).  First, "the deprivation alleged must be, objectively, sufficiently serious."  Id. at 834 (punctuation modified).  Second, the plaintiff must allege that the defendants exhibited "more than ordinary lack of due care" for his or her safety.  Id. at 835.  That is, the plaintiff must show that the prison official acted with "deliberate indifference" to a substantial risk of harm.  Id.

The Constitution, however, "does not mandate comfortable prisons."  Rhodes v. Chapman, 452 U.S. 337, 349 (1981).  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987).  "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'"  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Rhodes, 452 U.S. at 347).  Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim."  Id.

"[F]orcing a person in the custody or under the control of state authority to publicly soil themselves may create a constitutional violation."  Tate v. Campbell, 85 F. App'x 413, 417 (6th Cir. 2003).  But conditions of confinement claims "are highly fact-specific" and "the length of exposure to the conditions is often paramount."  Lamb v. Howe, 677 F. App'x 204, 209 (6th Cir. 2017).  According to his complaint, Woodard was not given quick access to a bathroom on a single occasion.  He was provided with clean clothes approximately 20 minutes after urinating on himself and remained in his urine-soaked clothing for "an hour or more" before he was able to shower and put on clean clothes.  Compl. at PageID.7–9.  What Woodard describes was a temporary and isolated hardship that did not fall below "the minimal civilized measure of life's necessities as measured by a contemporary standard of decency."  Dellis v. Corrections Corp. of

<u>America</u>, 257 F.3d 508, 511 (6th Cir. 2001) (citing <u>Rhodes</u>, 452 U.S. at 347); <u>see also</u> <u>Lamb</u>, 677 F. App'x at 209 (affirming dismissal of constitutional claim based on incarcerated plaintiff's alleged four-hour period of exposure to unsanitary toilet water); <u>Lapine v. Savoie</u>, No. 16-1893, 2017 WL 6764085, at *5 (6th Cir. Aug. 11, 2017) (holding that a prisoner who spent up to three hours in a soiled jumpsuit after urinating on himself suffered "a temporary hardship that did not rise to the level of a constitutional violation").

To the extent that Woodard also claims that Defendants violated his rights by making "mocking sounds" after he urinated on himself, Compl. at PageID.6, he fails to state a claim. <u>Wingo v. Tennessee Dept. of Corrections</u>, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); <u>Johnson v. Unknown Dellatifa</u>, 357 F.3d 539, 546 (6th Cir. 2004) (stating that harassment and verbal abuse, though "shameful and utterly unprofessional . . . [,] do not constitute the type of infliction of pain that the Eighth Amendment prohibits").

### IV.  CONCLUSION

The Court grants Woodard's application for leave to proceed without prepaying costs or fees (Dkt. 2).  The Court orders the agency having custody of Woodard to forward to the Clerk of the Court, on a monthly basis if funds are available, twenty percent (20%) of the preceding month's income credited to Woodard's account.  The Court will notify the agency having custody of Woodard when Woodard has paid the entire filing fee of $350.00.

The Court concludes that Woodard fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.  Accordingly, the complaint is summarily dismissed.

The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:  September 22, 2023
      Detroit, Michigan

<u>s/Mark A. Goldsmith</u>
MARK A. GOLDSMITH
United States District Judge